# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKSHMI SINGH SANDHU,<br><br>  Petitioner,<br><br>  v.<br><br>KAPUR CASTRO SANDHU,<br><br>  Respondent. | Case No. 1:20-cv-00364-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION<br><br>[TEN-DAY DEADLINE] |

    Petitioner filed a federal habeas petition in this Court on March 5, 2020. After conducting a preliminary screening of the petition, the Court determined that the petition failed to present any cognizable grounds for relief. Therefore, on March 18, 2020, the Court dismissed the petition with leave to file a First Amended Petition. Petitioner was granted thirty days to comply with the Court's order. On April 2, 2020, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable. Petitioner's address was updated based on an address located in her petition, and the order was re-served on April 3, 2020. On April 10, 2020, the order was again returned as undeliverable.

    Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

    If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S.

1

>Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, sixty-three days have passed since Petitioner's mail was returned and she has not notified the Court of a current address.

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as this case has been pending since March 5, 2020.  The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the Court of her address.  The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given the Court's inability to communicate with Petitioner based on Petitioner's failure to keep the Court apprised of her current address, no lesser sanction is feasible.

**ORDER**

The Court HEREBY DIRECTS the Clerk of Court to assign a District Judge to the case.

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed for Petitioner's failure to prosecute.

This Findings and Recommendation is submitted to the assigned District Judge pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after service of the proposed Findings and Recommendation, any party may file written objections with the

Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within seven (7) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **June 17, 2020**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE