UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKSHMI SINGH SANDHU, | No. 1:20-cv-00364-DAD-SKO (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION |
| KAPUR CASTRO SANDHU, | |
| Respondent. | (Doc. No. 6) |

Petitioner Lakshmi Singh Sandhu is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 18, 2020, the assigned magistrate denied the petition for failure to present any cognizable grounds for federal habeas relief and granted petitioner leave to file a First Amended Petition. (Doc. No. 4.) After that order was repeatedly returned to the court as undeliverable, the magistrate judge case issued findings and recommendations on June 18, 2020, recommending that this action be dismissed due to petitioner's failure to prosecute. (Doc. No. 6.) The findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within ten (10) days of service. (*Id.* at 2.) No objections have been filed, and the time

1

in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

The court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

If, as here, a court denies relief to a habeas petitioner, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further. The court therefore declines to issue a certificate of appealability.

/////

/////

/////

/////

2

Accordingly:

1. The findings and recommendations issued on June 18, 2020 (Doc. No. 6) are adopted in full;
2. This action is dismissed;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 21, 2020**

　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE